UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY CULVER,

          Plaintiff,

   v.

JAYAKRISHNAN NAIR, *et al.*,

          Defendants.

Case No. C21-1196-RSM

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This matter is before the Court on the Honorable Ricardo S. Martinez's referral of this matter for screening of Defendant Jayakrishnan Nair's ("Defendant") notice of removal ("Defendant's Notice").[1] (Dkt. # 8.) On September 1, 2021, Defendant removed this matter from the King County Superior Court and submitted an application to proceed *in forma pauperis* ("IFP"). (Dkt. ## 1-2.) Having considered Defendant's Notice, the balance of the record, and the governing law, the Court finds that jurisdiction over this action is improper, and therefore,

---

[1] The Court may screen the merits of a case at the time a party files for IFP status. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (finding the screening provisions of 28 U.S.C. § 1915(e) may be applied to non-prisoner civil litigants seeking to proceed IFP).

REPORT AND RECOMMENDATION - 1

recommends that this matter be REMANDED to King County Superior Court. Consequently, the Court recommends that Defendant's IFP application (dkt. # 2) be DENIED as moot.

## II.  BACKGROUND

In this case, Plaintiff's complaint alleges that Defendant once owned two subject properties located in Redmond, Washington, but lost them to Plaintiff in foreclosure in October 2020. (Dkt. # 1-1 at ¶¶ 3.1-3.6.) Despite losing the properties in foreclosure, Plaintiff alleges that Defendant claimed to be residing at the properties during Washington's statewide eviction moratorium as a result of the COVID-19 pandemic. (*Id.* at ¶ 3.7.) At that time, Plaintiff chose not to pursue eviction proceedings against Defendant. (*Id.*) However, in March 2021, Plaintiff alleges he was notified that the two subject properties were in disrepair, and in May 2021, Plaintiff learned Defendant was leasing out bedrooms at both properties through Airbnb. (*Id.* at ¶¶ 3.8-3.12.) Consequently, on July 8, 2021, Plaintiff filed a complaint against Defendant, and Defendant's unknown tenants, for unlawful detainer pursuant to RCW 59.12.030. (*See id.* at 1, 3-4.)

On August 24, 2021, Defendant, proceeding *pro se*, filed a notice of removal to this Court. (Dkt. # 1 at 2.) Defendant's Notice states that this Court has original jurisdiction over this matter under 28 U.S.C. § 1331 on the basis of both federal question and diversity jurisdiction. (*Id.* at 1.) Specifically, Defendant's Notice claims that: (1) this matter arises out of a federal question because Defendant's due process and civil rights are "being continually and criminally violated" by Plaintiff and his counsel; (2) the judgment in question is in excess of $75,000.00 because Defendant has over $1.5 million in equity in the two subject properties; and (3) Defendant is an Indian citizen who spends his time between New Jersey, Washington, and India as part of his biotech entrepreneurship. (*Id.*)

REPORT AND RECOMMENDATION - 2

### III.   DISCUSSION

A civil action filed in state court may be removed to federal court if the federal court would have original subject matter jurisdiction over the claim. 28 U.S.C. § 1441. Subject matter jurisdiction is proper in a removal case where jurisdiction is established on the basis of diversity of citizenship of the parties, or on the basis of federal question jurisdiction. 28 U.S.C. §§ 1331-32; *see also* 28 U.S.C. § 1441(a)-(b). A federal court may properly exercise subject matter jurisdiction over a state law action where the amount in controversy exceeds $75,000 and diversity of citizenship exists among the parties. 28 U.S.C. § 1332. A federal court may also properly exercise subject matter jurisdiction if a federal question jurisdiction exists. 28 U.S.C. § 1331. In that case, a case may be removed from state court if original jurisdiction in federal court could be founded on "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(a)-(b).

The removal statute is "strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env'tl. Remediation, L.L.C. v. Dep't of Health & Envt'l. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). The removing party bears the burden to demonstrate removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus*, 980 F.2d at 567).

In this case, the Court finds that it lacks subject matter jurisdiction, and therefore, this case must be remanded back to the King County Superior Court pursuant to 28 U.S.C. § 1447(c). Here, whether actual diversity jurisdiction exists in this case is unclear. Plaintiff resides in

Seattle, Washington. (*See* dkt. # 1-1 at 1.) Based on Defendant's Notice, Defendant asserts he is an Indian citizen who resides in Washington, New Jersey, and India. (*See* dkt. # 1 at 2.) However, Defendant did not provide the Court any additional information that would allow the Court to accurately determine with any certainty whether the parties are in fact diverse or whether the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

In considering federal question jurisdiction, the Court notes that the federal question raised must be clear on the face of plaintiff's well-pleaded complaint. *See, e.g.*, *Holmes Group, Inc., v. Vornado Air. Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). On this aspect, Plaintiff's complaint is based strictly upon state law, specifically RCW 59.12.030. (*See* dkt. # 1-1 at 3-4.) Moreover, Defendant's Notice makes conclusory allegations that his constitutional due process and federal civil rights are being violated by Plaintiff. (*See* dkt. # 1 at 1.) Even if Defendant were to raise defenses or counterclaims arising under federal law, these defenses and counterclaims cannot create federal question jurisdiction such that the case may be removed. *See e.g.*, *Vaden v. Discover Bank,* 556 U.S. 49, 59-60 (2009).

Accordingly, based on the deficiencies in Defendant's Notice, the Court concludes it is without subject matter jurisdiction over this action.

### IV.    CONCLUSION

For the forgoing reasons, the Court recommends that this case be remanded to the King County Superior Court and that Defendant's IFP application (dkt. # 2) be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your

REPORT AND RECOMMENDATION - 4

right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 1, 2021**.

The Clerk is directed to send copies of this Order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 15th day of September, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5