UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY CULVER,<br><br>                Plaintiff,<br><br>   v.<br><br>KAYALRISHNAN NAIR, *et al.*,<br><br>              Defendants. | CASE NO. C21-1196-RSM<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

## I.     INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Michelle L. Peterson, United States Magistrate Judge, recommending denial of Defendant's application to proceed in forma pauperis ("IFP") as moot due to lack of federal subject matter jurisdiction over this action. Dkt. #9. The Court has reviewed Plaintiff's complaint, Defendant Nair's notice of removal, the R & R, Defendant Nair's objections thereto, and the remaining record. For the reasons set forth below, the Court agrees with the R & R that Defendants' notice of removal is deficient thereby warranting remand of this case.

//

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 1

## II. BACKGROUND

Plaintiff Gary Culver filed this action in King County Superior Court against Defendants Jayakrishnan Nair and unknown tenants for unlawful detainer pursuant to RCW 59.12.030. Dkt. #1-1. On September 1, 2021, Defendant Nair, proceeding pro se, removed the action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Dkt. #1. At the same time, Defendant submitted an application to proceed IFP. Dkt. #1-2. On September 15, 2021, Judge Peterson concluded that the Court lacks subject matter jurisdiction over this action, thus warranting remand and denial of Defendant's IFP application as moot. Dkt. #9. Defendant Nair filed objections on September 30, 2021. Dkt. #10.

## III. DISCUSSION

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

As an initial matter, Defendant Nair argues that Judge Peterson erred in addressing the removal issue as opposed to only considering his IFP application. Dkt. #10 at 8. However, the Ninth Circuit concluded in *Calhoun v. Stahl* that a Court may screen the merits of the case under 28 U.S.C. § 1915(e) at the time a party files for IFP status—even if the applicant is a non-prisoner civil litigant. *See* 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C.

§ 1915(e)(2)(B) are not limited to prisoners."). To the extent Defendant Nair attempts to distinguish *Calhoun* from the instant unlawful detainer action, he provides no support for his proposition that the particular facts of this case render *Calhoun* inapplicable.

Turning to the remand issue, when a case is filed in state court, removal is proper pursuant to 28 U.S.C. § 1441 if the complaint raises a federal question or where there is diversity of citizenship between the parties and an amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331; 1332(a). It is generally presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009). Courts strictly construe the removal statute and "any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines*, *Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). If a federal court determines the action was improperly removed, it "must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env'tl. Remediation, L.L.C. v. Dep't of Health & Envt'l. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

The R & R correctly determined that Defendant Nair failed to demonstrate that federal question jurisdiction exists here. This is an unlawful detainer action brought by Plaintiff under Washington state law, RCW 59.12.030. *See* Dkt. #1-1. To the extent Defendant Nair raises defenses or counterclaims arising under federal law, it is well-established that such defenses or counterclaims cannot create federal question jurisdiction such that removal is proper. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction.") (citing *Holmes Group, Inc. v. Vornado Air*

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 3

*Circulation Systems, Inc.,* 535 U.S. 826 (2002)).  Defendant Nair does not meaningfully address this case law in his response.

The R & R likewise did not err in concluding that Defendant Nair failed to establish federal diversity jurisdiction.  One requirement of diversity jurisdiction is that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Defendant claims that the net equity in the two properties is "over $1.5 million," Dkt. #10 at 1, but the remedy sought in this unlawful detainer action is a judgment terminating tenancy rights to the properties, ordering the eviction of Defendant Nair and all unknown Doe defendants, and restitution.  Dkt. #1-1 at 4; *see also Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) ("In unlawful detainer actions, moreover, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy."). Defendant Nair's objections reference a separate action he brought against Plaintiff and other individuals in state court, *see* Dkt. 10-2 (complaint in case no. 20-2-14092-9 in King County Superior Court), but the alleged damages in that action are inapposite to the amount in controversy in the present case, which concerns possession of the properties as opposed to title to those properties.  Defendant Nair also relies on several cases addressing subject matter jurisdiction under the *Rooker-Feldman* doctrine, which are unrelated to whether federal question or diversity jurisdiction exists here.  See, e.g., Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) ("*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.").

Furthermore, diversity of citizenship requires "complete diversity," meaning that "each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp.*

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 4

*Derivative Litigation,* 549 F.3d 1223, 1234 (9th Cir. 2008).  Plaintiff brings this action against unknown Doe defendants allegedly occupying the bedrooms unlawfully leased out by Defendant Nair.  *Id.*  A complaint that contains Doe allegations "is on its face a pleading which is not removable, regardless of the specificity of the description of or of the charges against the Does.  It may of course become removable either by proof that the Doe allegations are sham or by subsequent dismissal or abandonment of the claim against the Does."  *Goldberg v. CPC Int'l, Inc.*, 495 F. Supp. 233, 238 (N.D. Cal. 1980) (citing *Preseau v. Prudential Insurance Co. of America*, 591 F.2d 74 (9th Cir. 1979)); *see also* 1 Cyc. of Federal Proc. § 2:357 (3d ed.) ("Diversity jurisdiction cannot exist when fictitious defendants are parties because it is impossible to determine that the unknown parties are citizens of a state other than plaintiff's state.").  Defendant Nair's objections only identify one of these Doe defendants: Sathyarah Govindaswamy, an Indian citizen.  Dkt. #10 at 8.  As for the remaining unnamed tenants, he broadly states that they "include citizens of India and short term visitors from other states . . . who have temporarily leased some of his furnished rooms during their sojourn in WA state."  *Id.*  This vague statement, which makes no effort to identify the remaining Doe defendants, is insufficient to demonstrate complete diversity.

Accordingly, the R & R correctly determined that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 and § 1332 such that remand is proper.

## IV.   CONCLUSION

Having reviewed Plaintiff's complaint, Defendant Nair's removal notice, the Report and Recommendation of Judge Peterson, Defendant's Objections, and the remainder of the record, the Court hereby finds and ORDERS:

(1) The Report and Recommendation, Dkt. #9, is APPROVED and ADOPTED.

(2) This case is REMANDED to King County Superior Court pursuant to 28 U.S.C. § 1447(c);

(3) Defendant Jayakrishnan Nair's application to proceed *in forma pauperis*, Dkt. #2, is DENIED as moot;

(4) All pending motions in this matter, Dkts. #11 and #12, are DENIED as moot; and

(5) The Clerk is directed to send copies of this Order to the parties and to Judge Peterson.

DATED this 13th day of December, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND
RECOMMENDATION
PAGE - 6